IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DIEU VAN LE,                              )
                                          )
                 Plaintiff,   )
                                          )
  vs.                                     )
                                          )
KILOLO KIJAKAZI, Acting Commissioner,     )
Social Security Administration,           )
                                          )  No. 3:21-cv-0021-HRH
                 Defendant.   )
_____  )

O R D E R

Motion to Dismiss[1]

Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, moves to dismiss all claims in plaintiff's complaint. Plaintiff Dieu Van Le has not filed an opposition. Oral argument was not requested and is not deemed necessary.

Background

Plaintiff Dieu Van Le applied to the Social Security Administration (SSA) for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) in 1996.[2] SSA awarded him both types of benefits.[3] He received SSI payments from December

---

[1]Docket No. 21.

[2]Affidavit of Renee Hall at 2, ¶ 4, Exhibit 1, Motion to Dismiss, Docket No. 21-1.

[3]Id.

ORDER – Motion to Dismiss                                                               - 1 -

1996 through March 1997 and has not received SSI benefits since March 1997.[4] He began to receive DIB payments in February 1997.[5]

Plaintiff was incarcerated on February 24, 2008, and convicted on July 24, 2008.[6] He was released from prison on August 22, 2017, but re-confined on September 11, 2017, and convicted on September 26, 2017.[7] He was released on July 12, 2019.[8]

Despite his imprisonment, plaintiff continued to receive DIB until June 2012, when SSA learned that he was incarcerated.[9] On August 14, 2012, SSA sent him a notice informing him that he became ineligible for benefits in July 2008 because he was at that time imprisoned for conviction of a crime.[10] The notice also informed plaintiff that he had incurred an overpayment of $52,569.00 for his receipt of benefits during this period of ineligibility.[11]

The State of Alaska filed criminal charges against plaintiff related to his fraudulent receipt of the overpaid SSA funds.[12] Based on these charges, plaintiff entered into a plea

---

[4] Id.

[5] Id.

[6] Id. at 2, ¶ 5.

[7] Id.

[8] Id. at 2-3, ¶ 5.

[9] Id. at 3, ¶ 6.

[10] Affidavit of Renee Hall at 3, ¶ 7, August 2012 Notice at 7, Exhibit 1, Motion to Dismiss, Docket No. 21-1.

[11] Affidavit of Renee Hall at 3, ¶ 7, Exhibit 1, Motion to Dismiss, Docket No. 21-1.

[12] Affidavit of Renee Hall at 4, ¶ 10, Judgment and Order of Commitment/Probation at 31, Exhibit 1, Motion to Dismiss, Docket No. 21-1.

ORDER – Motion to Dismiss - 2 -

agreement with the State.[13]  On September 24, 2018, he pleaded guilty to one count of second-degree theft, a felony under Alaska law,[14] and was ordered to pay restitution to the SSA in the amount of $50,533.00.[15]  He was "required to have $350 per month garnished by the Social Security Administration from his monthly Supplemental Security Income ("SSI") checks during his period of probation."[16]

On September 3, 2019, SSA sent plaintiff a notice informing him that his benefits could not be paid as they would be withheld in their entirety, beginning in September 2019, in order to recover the overpayment.[17]  In November 2019, plaintiff submitted a "Request for Reconsideration" to the SSA in which he asked that only $350.00 per month be withheld from his benefit payments.[18]  In February 2020, SSA sent plaintiff a notice informing him that it was dismissing his request for reconsideration, and in April 2020, SSA sent plaintiff another notice stating that it was withholding the entirety of Le's benefits until his overpayment was satisfied.[19]

---

[13]Affidavit of Renee Hall at 4, ¶ 10, Judgment and Order of Commitment/Probation at 31-37, Exhibit 1, Motion to Dismiss, Docket No. 21-1.

[14]Alaska Statute § 11.46.130(c).

[15]Affidavit of Renee Hall at 4, ¶ 10, Restitution Judgment at 30, Judgment and Order of Commitment/Probation at 31-37, Exhibit 1, Motion to Dismiss, Docket No. 21-1.

[16]Affidavit of Renee Hall at 4, ¶ 10, Judgment and Order of Commitment/Probation at 35, Exhibit 1, Motion to Dismiss, Docket No. 21-1.

[17]September 2019 SSA Letter to Le at 42, Exhibit 1, Motion to Dismiss, Docket No. 21-1.

[18]Affidavit of Renee Hall at 5, ¶ 13, Request for Reconsideration at 45-46, Exhibit 1, Motion to Dismiss, Docket No. 21-1.

[19]Affidavit of Renee Hall at 5, ¶¶ 14-15, February 2020 SSA Letter to Le at 47, April 2020 SSA Letter to Le at 49, Exhibit 1, Motion to Dismiss, Docket No. 21-1.

Plaintiff now seeks review of the Commissioner's decision to withhold the entirety of his benefits "to recover an overpayment on his record."[20] He believes that the Commissioner should withhold only $350.00 per month for application "to any overpayment," the amount "agreed to" in his 2018 Alaska criminal case.[21] He contends that the Commissioner breached this "agreement."[22] Additionally, plaintiff asserts that the Commissioner denied him due process because the Commissioner has not responded to his claim that he is owed back payment of DIB benefits for a seven-year period, from July 2012 to July 2019.[23]

Discussion

By his complaint, plaintiff seeks "review of social security disability income decisions."[24] Jurisdiction is asserted on the basis 42 U.S.C. § 405(g).[25] Prior to defendants' appearance,[26] the court entered its standard social security scheduling order which called upon defendants to serve and file a certified copy of the agency record and established a briefing schedule.[27] Defendants sought and were granted extensions of time to respond to

---

[20]Complaint at 2, 5, ¶¶ 3, 11, Docket No 1.

[21]Id. at 5-8, ¶¶ 11-12, 14-15, 17-18.

[22]Id. at 7-8, ¶ 17.

[23]Id. at 7-8, ¶¶ 16, 19.

[24]Docket No. 1.

[25]Complaint at 2, ¶ 3, Docket No. 1.

[26]Docket No. 7.

[27]Docket No. 6.

ORDER – Motion to Dismiss - 4 -

plaintiff's complaint.[28]  Defendants' response was then due on or before September 23, 2021.  On September 23, 2021, defendants moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.[29]

Defendants' motion is supported by the declaration of Renee Hall, social security specialist, and by various documents, namely letters from the SSA to plaintiff and to his attorney, plaintiff's criminal and restitution judgments from his 2018 Alaska criminal case, and plaintiff's Request for Reconsideration.

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id.  (quoting Iqbal, 556 U.S. at 678).  "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (quoting Iqbal, 556 U.S. at 678).  "[T]he complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  In re Rigel Pharm., Inc. Sec. Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "In evaluat-

---

[28]Docket Nos. 9, 12, and 19.

[29]Defendants state that they move for relief pursuant to "Federal Rule of Evidence 12(b)(6)."  The court assumes that this is a typographical error.  No such evidentiary rule exists and the relief defendants seek is described at Civil Rule 12(b)(6).

ORDER – Motion to Dismiss - 5 -

ing a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Serv., 671 F.3d 1138, 1142-43 (9th Cir. 2012). "However, the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." In re Tracht Gut, LLC, 836 F.3d 1146, 1150 (9th Cir. 2016).

In deciding defendants' motion to dismiss, the court relies primarily upon the allegations of plaintiff's complaint and defendants' memorandum of law supporting its motion to dismiss.

In his complaint, plaintiff does not contest the basis for defendants' withholding his DIB payments. Rather, plaintiff's primary complaint is that defendants refused to limit their recapture of DIB payments, to which he was not entitled during his incarceration, to $350.00 per month. Defendants contend that plaintiff's complaint must be dismissed, first because what plaintiff requests by way of relief is a statutory impossibility.[30] Second, defendants contend that plaintiff's breach of contract claim must be dismissed because neither defendants nor any of its authorized agents were a party to plaintiff's agreement with the State of Alaska.[31] Third, defendants argue that no due process violation occurred when the plaintiff did not receive back benefits while he was incarcerated because he "was statutorily ineligible for any social security benefits by nature of his conviction and incarceration."[32]

---

[30]Motion to Dismiss, Docket No. 21 at 2.

[31]Id.

[32]Id.

ORDER – Motion to Dismiss - 6 -

Case 3:21-cv-00021-HRH   Document 25   Filed 11/24/21   Page 6 of 10

For the reasons set out below, the court concludes that the claims made in plaintiff's complaint are not plausible.

Title 20, Section 404.502, of the Code of Federal Regulations provides that if the SSA determines that an individual has been overpaid the proper amount of DIB benefits, then the agency will make adjustments against that person's monthly benefits in order to recover the overpayment. If withholding the entirety of a person's benefits would deprive the person of income needed for normal and necessary living expenses, then the agency may withhold less than the entirety of that person's benefit each month. 20 C.F.R. § 404.502(c)(1). But if the individual's "intentional false statement or representation, or willful concealment of, or deliberate failure to furnish, material information" caused the overpayment, then the method of recovery set forth at subsection (c)(1) is unavailable; "no benefit for any month and no lump sum is payable to such individual . . . until an amount equal to the amount of overpayment has been withheld or refunded." 20 C.F.R. § 404.502(a)(1), (c)(2).

In his complaint, plaintiff concedes important material facts, including that he incurred an overpayment of DIB benefits and the amount thereof, and that the SSA can properly withhold certain of his DIB payments to recoup the overpayment. Defendants argue that because plaintiff does not contest that he received his DIB benefits fraudulently, he fails to show that the SSA can statutorily withhold less than his full monthly benefits in order to recover the overpayment.[33] While plaintiff alleges that the SSA should withhold less than his full monthly payment, he pleads no facts which could lead the court to conclude that the SSA is statutorily permitted to withhold less than his full

---

[33]Motion to Dismiss at 7-8, Docket No. 21.

ORDER – Motion to Dismiss - 7 -

monthly benefit payment under 20 C.F.R. § 404.502(c)(1) and (2). That is, he does not allege that the withholding of the entirety of his benefits would deprive him of income needed for normal and necessary living expenses, nor that he was without fault when he caused the overpayment. The factual allegations underling plaintiff's claim do not constitute statutorily permissible grounds for the SSA to withhold less than his full monthly benefit. His complaint therefore lacks "a cognizable legal theory or . . . sufficient facts alleged under a cognizable legal theory." William Morris Endeavor Entm't, LLC v. Writers Guild of Am.,W., Inc., 432 F. Supp. 3d 1127, 1135 (C.D. Cal. 2020) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). Plaintiff does not state a plausible claim for relief sufficient to survive a 12(b)(6) motion to dismiss.

Plaintiff's plea agreement in his 2018 Alaska criminal case does not prevent the defendants from withholding the entirety of plaintiff's DIB benefits each month. When deciding a 12(b)(6) motion to dismiss, the court may "consider materials other than facts alleged in the complaint and documents that are made a part of the complaint" where "(1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint 'necessarily relies' on the materials," or where the matters constitute "matters of public record" subject to judicial notice. William Morris Endeavor Entm't, LLC, 432 F. Supp. 3d at 1135. Here, the authenticity of the judgment of conviction and correlative restitution judgment from plaintiff's 2018 Alaska criminal case are not disputed and plaintiff explicitly relies on the provisions of the "judgment" entered in this case when he quotes from certain provisions in the judgment of conviction.[34] The court may therefore also properly consider these

---

[34]See Complaint at 5, 8, ¶¶ 11, 18, Docket No. 1.

ORDER – Motion to Dismiss - 8 -

materials. It is clear that defendants were not parties to the State of Alaska criminal proceedings, nor parties to the plea agreement between the State and plaintiff which gave rise to plaintiff's $350.00 per month restitution obligation.

Defendants are probably correct that there is a sovereign immunity problem with plaintiff's contract claim. Notwithstanding, plaintiff's contract claim is also without merit. Plaintiff's judgment of conviction contains one provision referencing DIB payments, which states: plaintiff's "entry into the present Rule 11 Agreement is based on the representation made to him that his future Supplemental Security Income checks and/or Social Security Disability Insurance benefits, or any potential back payment of such benefits, will not be revoked or denied based on his plea in the present matter."[35] However, the provisions of both the judgments of restitution and conviction regarding garnishment state that only plaintiff's SSI payments will be garnished and make no reference to his DIB payments. In his complaint, plaintiff only seeks review of the SSA's decision to withhold the entirety of his DIB payments. Even if defendants were somehow bound by plaintiff's plea deal with the State of Alaska, which they are not, plaintiff has alleged no facts showing that defendants breached any contractual agreement regarding payment of his DIB benefits. In short, defendants' decisions made under 20 C.F.R. § 404.502 are not in any fashion limited by State of Alaska proceedings against the plaintiff.

Plaintiff's claim that the SSA violated his due process rights is also not plausible. Plaintiff only briefly alleges that he was denied due process at two points in his complaint. He initially contends that he was "denied due process as required by the Constitu-

---

[35] Judgment and Order of Commitment/Probation at 34, Exhibit 1, Motion to Dismiss, Docket No. 21-1.

tion of the United States," without any further explanation.³⁶  Plaintiff later claims that the SSA's "failure to address Mr. Le's claims for back payment was a denial of due process," again without any further explanation.³⁷  The court is not required to accept as true plaintiff's unsupported legal conclusions.  Iqbal, 556 U.S. at 678-79.  Here, it is abundantly clear from plaintiff's complaint that there were considerable problems with communication between plaintiff and SSA personnel.  But plaintiff does not explain how or when some procedure to which he was entitled was violated.  Plaintiff has not alleged "sufficient facts . . . under a cognizable legal theory" to defeat a 12(b)(6) motion to dismiss this claim.  William Morris Endeavor Entm't, LLC, 432 F. Supp. 3d at 1135. Plaintiff's due process claim is therefore not plausible.

## Conclusion

Defendants' motion to dismiss plaintiff's complaint is granted.  Leave to amend was not sought by plaintiff.  Moreover, on the present record the court believes any attempt at amendment would be futile.

DATED at Anchorage, Alaska, this  24th  day of November, 2021.

/s/   H. Russel Holland
United States District Judge

---

³⁶Complaint at 7, ¶ 17, Docket No.  1.

³⁷Id.  at 8, ¶ 19.

ORDER – Motion to Dismiss                                                                                        - 10 -

Case 3:21-cv-00021-HRH   Document 25   Filed 11/24/21   Page 10 of 10